# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

STEVEN JANKOWSKI,            )
                             )
    Plaintiff,           )     Civil Action No. 10-6 Erie
                             )
v.                           )
                             )
EXTENDICARE HOMES, INC.,     )
d/b/a Abington Crest Nursing & )
Rehabilitation Center,       )
                             )
    Defendant.           )

## MEMORANDUM OPINION AND ORDER

Presently pending before the Court is a Motion to Seal [ECF No. 12] filed by the Plaintiff, Steven Jankowski ("Plaintiff").[1] For the reasons that follow, the motion will be denied.

Plaintiff filed suit against Extendicare Homes, Inc. ("Defendant"), his former employer, on January 7, 2010 alleging violations of the American with Disabilities Act of 1990 (the "ADA"), 42 U.S.C. § 12101 et seq., and the Pennsylvania Human Relations Act (the "PHRA"), 43 P.S. § 951 et seq. Plaintiff further asserted a pendant state law claim for intentional infliction of emotional distress. ECF No. 1. The Court closed the case on May 13, 2010 after having been advised by the parties that a settlement had been reached in the matter. ECF No. 9. By Order dated June 7, 2010, the Court granted the Stipulation of Dismissal filed by the parties. ECF No. 11.

On April 19, 2011, Plaintiff filed the instant motion to seal the case. In support, the Plaintiff contends that he has been unsuccessful in his attempts to secure employment as a nurse since December 2008 because, in his view, "no one will hire [him]" given the fact he filed a lawsuit against a former employer. ECF No. 13 p. 1. Plaintiff seeks an order sealing the entire case so he can be "hireable." Id.

It is well-settled that there is a common law public right of access to judicial proceedings and records. In re Cendant Corp., 260 F.3d 183, 192 (3rd Cir. 2001). In In re Cendant Corp., the

---

[1] The Plaintiff is proceeding *pro se*.

1

Third Circuit explained the circumstances under which a district court is permitted to seal judicial records:

> In order to override the common law right of access, the party seeking the closure of a hearing or the sealing of part of the judicial record "bears the burden of showing that the material is the kind of information that courts will protect" and that "disclosure will work a clearly defined and serious injury to the party seeking disclosure." *Miller*, 16 F.3d at 551 (citing *Publicker*, 733 F.2d at 1071). In delineating the injury to be prevented, specificity is essential. *See Publicker*, 733 F.2d at 1071. Broad allegations of harm, bereft of specific examples or articulated reasoning, are insufficient. As is often the case when there are conflicting interests, a balancing process is contemplated. "[T]he strong common law presumption of access must be balanced against the factors militating against access. The burden is on the party who seeks to overcome the presumption of access to show that the interest in secrecy outweighs the presumption." *Leucadia*, 998 F.2d at 165 (quoting *Bank of Am. Nat'l Trust and Sav. Ass'n v. Hotel Rittenhouse Assoc.*, 800 F.2d 339, 344 (3d Cir. 1986)).

In re Cendant Corp., 260 F.3d at 194. Moreover, "[a] party who seeks to seal an *entire* record faces an even heavier burden." Miller v. Indiana Hosp., 16 F.3d 549, 551 (3rd Cir. 1994) (emphasis in original).

Here, the Plaintiff has failed to establish that the need for secrecy outweighs the presumption in favor of access. Several courts have refused to seal judicial records based on the same or similar arguments advanced by the Plaintiff. I find the reasoning in these cases persuasive.

In Macias v. Aaron Rents, Inc., 288 Fed. Appx. 913, 915 (5th Cir. 2008) (unpublished), the Fifth Circuit concluded that the district court did not abuse its discretion in refusing to seal court documents based on the plaintiff's claim that he was finding it difficult to obtain employment because he had successfully sued a former employer. The court rejected the plaintiff's argument that sealing was justified in light of "the lack of importance to the public and the potential for employer retaliation against litigious employees." Id. at 915. In rejecting this argument, the court noted that these concerns "could apply to nearly all cases filed in federal court, especially those involving Title VII[,]" and the "same argument could successfully be made by countless plaintiffs." Id. The court found that such a result would run contrary to its statement that "the district court's discretion to seal the record of judicial proceedings is to be exercised *charily*." Id. (citations omitted) (emphasis in original).

2

In Elbertson v. Chevron, U.S.A., Inc., 2010 WL 4642963 (S.D.Tex. 2010), the plaintiff argued that her job security and ability to maintain or obtain employment in the future outweighed the public's right of access. In rejecting this argument, the court stated:

> Although this court understands the plaintiff's concern, she has failed to show that it outweighs the significant public interest in full access to judicial records. Weighed against that powerful public interest in access, the plaintiff has made a weak showing of potential harm to her privacy interests. The law prohibits (and provides a remedy for) discrimination or retaliation by a prospective employer against applicants in these circumstances. *See generally Kelley v. Goodyear Tire & Rubber Co.*, 220 F.3d 1174, 1179 (10th Cir. 2000) (discussing employee's claim that prospective employer retaliated against him for filing complaint against prior employer); *Nilsson v. City of Mesa*, 503 F.3d 947, 954-55 & n. 3 (9th Cir. 2007) (same). The harm feared by the plaintiff here is precisely the same harm that most employment discrimination plaintiff's face, and yet there is no tradition of sealing all such records or even of allowing anonymous employment discrimination litigation. And when, as here, the public has already had access to documents, that is a factor weighing in favor of continued public access. *See, e.g., Weiss v. Allstate Ins. Co.*, No. 06-3774, 2007 WL 2377119, at *5 (E.D.La. Aug. 16, 2007).

Elbertson, 2010 WL 4642963 at *2; see also Peru v. T-Mobile USA, Inc., 2010 WL 2724085 at *1-3 (D.Colo. 2010) (denying plaintiff's request to seal the record in employment discrimination case and finding that the plaintiff's concerns that employers may discriminate against her were unfounded since the law already prohibits and provides a remedy for discrimination or retaliation by prospective employers); U.S. ex rel. Permison v. Superlative Technologies, Inc., 492 F. Supp. 2d 561, 564-65 (E.D.Va. 2007) (holding that plaintiff's fear of retaliation by current employer or future employers was not sufficient to overcome the strong presumption in favor of access, noting that "to conclude otherwise would ignore that [plaintiff's] amorphous concern is no different from the concern any employee may have when she sues her employer for any reason.").

In sum, I find that the Plaintiff has failed to meet his burden of justifying the sealing of the judicial record.

AND NOW, this 10th day of May, 2011, and for the reasons set forth above, IT IS HEREBY ORDERED that the Plaintiff's Motion to Seal the record [ECF No. 12] is DENIED.

s/ Sean J. McLaughlin
						  United States District Judge

cm:	All parties of record